UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAMUEL CHARLES BOYD, JR., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-175 |
| | § § | |
| BP PRODUCTS NORTH AMERICA INC. | § § | |
| Defendant. | § § | |

**MEMORANDUM & ORDER**

Pending before the Court is Defendant's Motion for Partial Summary Judgment on the Negligence and Strict Liability Claims of Contractor Plaintiffs. (Doc. No. 47.) The Court held a hearing on this matter on January 6, 2015. For the reasons set forth below, Defendant's Motion is **DENIED**.

This case arises out of an alleged chemical release at a BP refinery in Texas City in November 2011. More than 500 Plaintiffs claim that they were injured by the release, and they bring a variety of tort claims against the Defendant, BP Products North America, Inc. Plaintiffs' counsel has generally divided the Plaintiffs into two groups: "workers" at the refinery or at a Dow Chemical plant nearby and "community members" who lived near the plant. *See* Ex. A. to Pls.' First Amended Complaint. (Doc. No. 16-1.) BP now moves for partial summary judgment on the negligence and strict liability claims of 315 "worker" Plaintiffs, whom they call the "Contractor Plaintiffs." These 315 Plaintiffs were all contractors and subcontractors at the BP refinery at the time of the incident. BP contends that workers' compensation insurance claims are the exclusive remedies for the Contractor Plaintiffs' alleged injuries.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is

1

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Typically, a party moves for summary judgment on an issue on which the other side will have the burden of proof at trial. In those circumstances, once the moving party makes an initial showing that summary judgment is appropriate, the burden of persuasion shifts to the nonmoving party to introduce evidence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In contrast, when the party moving for summary judgment will also have the burden of proof at trial, then the *moving* party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (citations omitted); *see also Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991). In that case, the nonmoving party can defeat the motion for summary judgment either by showing a genuine dispute of material fact or by showing that the moving party's evidence is inadequate to meet its burden at trial. *Id.* at 1265.

Here, Defendant's Motion for Partial Summary Judgment concerned whether workers' compensation was the exclusive remedy for a subset of workers' negligence and strict liability claims. Under Texas law, the assertion that a workers' compensation policy provides the exclusive remedy for a plaintiff's injuries is an affirmative defense. *See Quanaim v. Frasco Restaurant & Catering, et al.*, 17 S.W.3d 30, 43 (Tex. App.—Houston 2000, pet. denied). Accordingly, at trial, Defendant would have the burden of proof on all elements of its workers' compensation defense. Specifically, Defendant must prove as to each Contractor Plaintiff that 1) the employee was covered by workers' compensation insurance coverage and 2) the injury suffered was "work-related." *See* Tex. Lab. Code § 408.001(a). An injury is "work-related" if it

occurred in the scope and course of employment. Tex. Lab. Code § 401.011(10) (defining "compensable injury" for the purposes of the Texas Workers' Compensation Act).

It is with regard to the latter element that Defendant's present motion fails. Defendant's Motion for Partial Summary Judgment included extensive evidence that the Contractor Plaintiffs were covered by workers' compensation insurance.[1] However, Defendant provided the Court with no evidence that the Contractor Plaintiffs' alleged injuries were work-related. Defendant did offer excerpts from signed fact sheets prepared by each individual client. *See* Def.'s Ex. 1, 4, 7, 12, 15, 21, 29, 32, 35, and 40. However, the excerpts — limited to pages 1, 3 and 13 of each fact sheet — show only each Plaintiff's identifying information and information about his or her place of work and job position in November 2011. Nothing in the fact sheet excerpts indicates where or when Plaintiffs believe they were exposed to BP's alleged chemical release.[2] The Court is also unpersuaded that the prior statement of Plaintiffs' counsel to the Court regarding the meaning of the "worker" designation is sufficient summary-judgment evidence that the injuries would actually fall within the scope of Defendant's workers' compensation policies.

Because Defendant did not satisfy its initial burden of showing evidence sufficient to support a directed verdict that the Contractor Plaintiffs' injuries were "work-related," Defendant's Motion for Partial Summary Judgment is **DENIED** at this time. However, the Court would look favorably on a renewed motion for summary judgment on claims that may be subject to the exclusive remedy of workers' compensation after discovery into the circumstances of the workers' alleged injuries is complete.

---

[1] Plaintiffs also object to two of the affidavits used to authenticate Defendant's records of the insurance coverage. The Court does not reach this issue in resolving the instant motion.

[2] Similarly, the excerpts from depositions of four Contractor Plaintiffs attached to Defendant's original motion concern the nature of their employment at the refinery, not the circumstances of their alleged chemical exposure.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 6th of January, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE